UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Frederick M. Bennett, Sr.**, | ) | **C/A No. 6:06-1033-GRA-WMC** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| **Daniel L. Watson**, Lieutenant for Darlington County | ) | |
| Sheriff's Department; and | ) | |
| **Glenn Campbell**, Sheriff of Darlington County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Darlington County Detention Center in Darlington, South Carolina. He has brought suit against a Lieutenant for the Darlington County Sheriff's Department and the Sheriff of Darlington County. Although the plaintiff is using the court's <u>Bivens</u> complaint form, it is readily apparent that the plaintiff is suing the defendants under 42 U.S.C. § 1983.[1]

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Dockets.Justia.com

The "STATEMENT OF CLAIM" portion of the complaint is concise. The plaintiff writes:

Wrongful Imprisonment

A.) Stay at Darlington County's Detention Center for 11+ months

B.) Slander - had my name slandered throughout the community . . .

(Complaint, at page 4 [irregular capitalization and punctuation in original]). In his prayer for relief, the plaintiff seeks "Compensation for days/months/years Spent in the County's detention Center for wrongful imprisonment[.]" (Complaint, at page 6 [irregular capitalization in original]).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319,

324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

standard, the § 1983 complaint is subject to summary dismissal.   The

requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court.   Weller v. Department of Social Services,

901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters pertaining to his pending

criminal case, the § 1983 complaint is subject to summary dismissal because

a right of action has not yet accrued.   *See* Heck v. Humphrey, 512 U.S. 477,

129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would render a conviction
> or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such a determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to
> a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.  Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court must consider whether
> a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint
> must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods

v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's

4

conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994. In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378 (9th Cir., October 6, 1994); and Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

5

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond"). *See* Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994 U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

<u>Daniel v. Ruph</u>, <u>supra</u>, 1994 U.S.Dist. LEXIS® 15145, at *4-*5, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, <u>Norris v. Patsy</u>, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under <u>Heck v. Humphrey</u>, <u>supra</u>, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is <u>Hudson v. Chicago Police Department</u>, 860 F. Supp. 521, 1994 U.S.Dist. LEXIS® 9351 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under <u>Heck v. Humphrey</u>. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord* <u>Babcock v. Collord</u>, 1994 U.S.Dist. LEXIS® 9661, 1994 WESTLAW® 374528 (N.D.Cal., July 5, 1994)(complaints subject to dismissal under <u>Heck v. Humphrey</u> can be

7

dismissed under 28 U.S.C. § 1915(d)), *adopted*, 1994 U.S.Dist. LEXIS®
12741 (N.D.Cal., September 2, 1994).

Absent extraordinary circumstances, federal courts are not authorized
to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger
v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-
170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3]
Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir.
2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th
Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990).  In
Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals
for the Fourth Circuit ruled that federal district courts should abstain from
constitutional challenges to state judicial proceedings, no matter how
meritorious, if the federal claims have been or could be presented in an
ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist,
supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283,
expressly prohibits this court from enjoining such proceedings.  *See also*

---

[3]Although the Supreme Court of the United States has not overruled Taylor v. Taintor,
an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of
sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green
v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App.
1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d
955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as North Carolina State Ports Authority v. Dart Containerline Company, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed

9

by a Court of Common Pleas, he or she can file an "appeal" (petition for certiorari) in that post-conviction case.  *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, supra, 489 U.S. at 349-352.  The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is also a viable state-court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.  Hence, the plaintiff can obtain post-conviction forms from the Clerk of Court for Darlington County or from the South Carolina Judicial Department website's Forms Section (www.scourts.org).  The plaintiff should be mindful that the General Assembly has enacted limitations periods for post-conviction cases.  *See* 1995 S.C.

Acts 7, which has been codified at Section 17-27-45, South Carolina Code of

Laws:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

*See also* Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS®

285 (2004); Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607,

1996 S.C. LEXIS® 57 (1996); and Leamon v. State, 363 S.C. 432, 611 S.E.2d

494, 2005 S.C. LEXIS® 97 (2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45).

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies the South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina[4] of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, some South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, Vaughn v. State,

_____

[4]The Supreme Court of South Carolina has amended South Carolina Appellate Rule (SCAR) 227 by adding subsection (I), which authorizes transfers of PCR certiorari petitions to the South Carolina Court of Appeals for disposition. *See* Supreme Court Order 2005-08 (effective May 1, 2005), Shearhouse Advanced Sheet # 19.

12

362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221 (2005).

Glenn Campbell, the Sheriff of Darlington County, is immune from suit.  Sheriff's Departments in South Carolina are state agencies, not municipal departments.  *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff.  *See also* Allen v. Fidelity and Deposit Company, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981)(County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and Comer v. Brown, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS® 17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  Comer v. Brown, supra, 88 F.3d at 1332 ("Judgments against

13

the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").  Hence, Sheriff Campbell should be dismissed under the Eleventh Amendment.

The plaintiff is not entitled to damages for defamation or slander.[5]  An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983.  Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976).  Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel.  See Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982).  See also case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, e.g., Medico v. Time, Inc., 643 F.2d 134, 137-140 (3rd Cir.), cert. denied, 454 U.S. 836 (1981), where the Court held that a news magazine was privileged to publish a summary of

---

[5]The pro se plaintiff uses the term "slander" in the complaint.  "Slander" usually refers to acts of defamation that are made "by oral expressions or transitory gestures[,]" while "libel" refers to acts of defamation that are expressed "by print, writing, pictures, or signs." See Black's Law Dictionary (5th edition, 1979), at pages 824 and 1244.

14

FBI documents identifying the appellant as a member of an organized crime group; Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and Lee v. Dong-A Ilbo, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988), *cert. denied*, Dong-A Ilbo v. Lee, 489 U.S. 1067, 1989 U.S. LEXIS® 1288 (1989). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)

[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the Sheriff of Darlington County is immune from suit and the plaintiff seeks monetary damages from him, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.


_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

April 6, 2006

Greenville,  South Carolina

16

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&

The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**